

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-60,418-04

### EX PARTE ROBERT DARRELL BURELL, JR., Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 31312-D IN THE 3RD DISTRICT COURT
## FROM ANDERSON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).

Applicant was charged by indictment with one count of aggravated assault on a public servant, one count of attempted aggravated assault on a public servant, and one count of assault on a public servant. He apparently pleaded guilty to two counts of aggravated assault on a public servant in exchange for two thirty-year sentences, running concurrently with each other but consecutively with a prior sentence Applicant was serving when he committed these offenses in prison. He did not appeal his convictions.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance, rendering his guilty plea involuntary. Applicant alleges that he told trial counsel that he wanted to plead not guilty and go to trial on the charges, but that trial counsel told him that he would receive life sentences for all three counts and that they would be ordered to run consecutively if he were convicted at trial.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state what advice he gave Applicant regarding the punishment ranges applicable to each count of the indictment, and whether he advised Applicant that he would receive three life sentences if he were convicted at trial. Trial counsel shall state whether he advised Applicant that the sentences for each count could be ordered to run consecutively with each other if Applicant were convicted at trial. Trial counsel shall state whether he advised Applicant to plead guilty, and whether he was prepared to take the cases to trial if Applicant decided that he wanted to do so. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of the indictment,

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

judgments, plea papers including any written admonishments and written plea agreement, and any other documents relevant to Applicant's claims. The trial court shall make findings of fact and conclusions of law as to why the indictment appears to charge Applicant with attempted aggravated assault of a public servant in Count II, but the plea documents and judgments indicate that Applicant pleaded guilty to aggravated assault of a public servant in both Count I and Count II. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed: April 5, 2017
Do not publish